**Arnold I. KRAMER, Petitioner-Appellant,**

v.

**O.C. JENKINS, Warden, and United States Parole Commission, Respondents-Appellees.**

No. 86–1849.

United States Court of Appeals, Seventh Circuit.

Nov. 24, 1986.

---

Julius Lucius Echeles, Sharon C. Kramer, Chicago, Ill., for petitioner-appellant.

William F. Murphy, Asst. U.S. Atty., Anton R. Valukas, U.S. Atty., Chicago, Ill., for respondents-appellees.

Before BAUER, Chief Judge, and FLAUM and EASTERBROOK, Circuit Judges.

PER CURIAM.

*Kramer VI* has arrived faster than we thought possible. The previous opinion in this sequence concluded that the Parole Commission was entitled to rely on a deficiency notice issued by the IRS in determining—for purposes of evaluating the severity of Kramer's offense—that Kramer evaded more than $300,000 in taxes. *Kramer v. Jenkins,* 803 F.2d 896 (7th Cir.1986) (*Kramer V*). We held that the opportunity to argue before the IRS supplied Kramer with the process that was due him.

Kramer's petition for rehearing insists that the IRS issued its notice without offering him an opportunity to provide comments. Kramer also contends that the Commission violated its own rules by substituting reliance on the deficiency notice for reliance on the presentence report, which contained the same estimate of tax evasion. We invited the Commission to reply to these contentions; the Commission insisted that because Kramer's arguments in the district court did not include a challenge to the sufficiency of the processes afforded by the IRS, no further answer is necessary. But this is a collateral attack, and for better or worse the principles of finality that govern ordinary civil litigation do not govern challenges to a person's continued detention in prison. The importance of addressing the procedures open to Kramer before the IRS may not have been clear until we released *Kramer V.* The due process clause requires more than a runaround, and Kramer is entitled to one clear shot to show that he did not receive adequate process. The Commission has offered to file affidavits if we think the issue open; the better course, however, is to remand to the district court, so that it may take such evidence and make such findings as the evidence supports.

Let there be no mistake: this remand is not an invitation to relitigate what was established in *Kramer V.* It is to allow Kramer to prove, if he can, that he did not have an *opportunity* to present his contentions to the IRS "at a meaningful time and in a meaningful manner." *Armstrong v. Manzo,* 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965). The due process clause does not require a hearing; it requires an opportunity to be heard. So if the IRS offered Kramer the opportunity to present his arguments, the fact that Kramer may have bypassed that option does not call for relief. Kramer points out that 26 C.F.R. §§ 601.105 and 601.106, which give taxpayers an opportunity for hearings and administrative appeals, apply only to shortfalls on tax returns; because he filed no returns at all, the regulation does not in terms grant a right to be heard. We can-

not tell on this record whether the IRS makes equivalent procedures available to those who do not file a return, or perhaps whether Kramer could have taken advantage of §§ 601.105 and 601.106 by filing his returns belatedly.

As for the claim that the Parole Commission violated its own rules: *Kramer V,* 803 F.2d at 901, points out that the Commission's decisions are not reviewable under the Administrative Procedure Act. A violation of rules that might call for relief under the APA does not authorize us to set aside this agency's decision. Kramer must show that his continued custody is a violation of the Constitution, and the violation of an administrative rule is not the same thing as the violation of the Constitution. See *Olim v. Wakinekona,* 461 U.S. 238, 248–50, 103 S.Ct. 1741, 1747–48, 75 L.Ed.2d 813 (1983) (the due process clause does not require a state to supply procedures that are called for under state law); *Shango v. Jurich,* 681 F.2d 1091, 1100 (7th Cir.1982) (the argument that the Constitution requires states to comply with all the procedures they establish "is analytically indefensible."). See also, e.g., *Carson v. Block,* 790 F.2d 562, 565–66 (7th Cir.1986). A violation of the Commission's rules authorizes relief in this proceeding only if the rules are themselves essential components of due process of law—that is, if the procedures actually used by the Commission violated the Constitution. The focus of this case on remand must be on the Constitution itself, and not on whether relief would have been available had the Commission's decision been reviewable under the APA.

The petition for rehearing is granted, and the case is remanded for further proceedings consistent with *Kramer V* and with this opinion.