**Leroy TURNER, Petitioner-Appellant,**

v.

**Gary L. HENMAN, Warden, United States Penitentiary, Marion, Illinois, Respondent-Appellee.**

No. 86–2923.

United States Court of Appeals, Seventh Circuit.

Argued April 23, 1987.

Decided Sept. 14, 1987.

Howard B. Eisenberg, Carbondale, Ill., for petitioner-appellant.

Frederick J. Hess, U.S. Atty., East St. Louis, Ill., for respondent-appellee.

Before CUMMINGS, COFFEY and MANION, Circuit Judges.

MANION, Circuit Judge.

Petitioner-Appellant, Leroy Turner, appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2241. We affirm.

I.

Leroy Turner is an inmate at the United States Penitentiary in Marion, Illinois. Turner was originally sentenced to a fifteen year aggregate prison sentence on October 1, 1976, after pleading guilty to conspiracy and bank larceny in the United States District Court for the Eastern District of New York. He was sentenced to an additional three years in prison on December 13, 1979, after being convicted in the United States District Court for the District of Kansas of conveying a weapon in the United States Penitentiary at Leavenworth, Kansas.

On April 6, 1978, Turner received his initial parole hearing on his conspiracy and bank larceny conviction. Under the guide-

---

lines then in effect, Turner's offense was rated "Greatest I severity" with a sentence range of 85–110 months. He received his next hearing on April 17, 1980, after his conviction in the District of Kansas. At this hearing his rating was increased to the more serious "Greatest II severity" and his guideline sentence range was recomputed to be a minimum 100 month period with no maximum limit.

The July, 1980 Notice of Action sent to Turner after the April, 1980 hearing does not clearly state why his severity rating was increased. The reasons stated in the Notice of Action for the "Greatest II" rating appear to be the same reasons given after the 1978 hearing when Turner received his "Greatest I" rating. The Notice of Action does note that Turner was cited for various weapons offenses while in prison but does not mention that he was convicted of a weapons offense. It also does not state that the decision to increase Turner's rating took the weapons citations into account.

In any event, in October, 1980 the Commission reopened Turner's case for an initial hearing specifically dealing with the new conviction in the District of Kansas. The Commission made no change in Turner's sentence range or severity rating.

Turner next went before the Commission in June, 1983. After this hearing the Commission recalculated petitioner's sentence range under the parole guidelines it adopted in 1983. Under the 1983 guidelines Turner was given a "Category Seven" rating with a guideline sentence range of 100–148 months. Although robbery is listed as a "Category Five" offense, the Commission increased his severity rating because he was involved in two robberies, possessed a sawed-off shotgun during the robberies, fired shots during one of the robberies, and introduced a weapon into a United States penitentiary. The guidelines specifically provide that severity ratings may be increased for aggravating circumstances and for multiple offenses. *See* 28 C.F.R. § 2.20 (1986). Due to Turner's poor prison disciplinary record over and above his previous convictions, the Commission

decided that Turner should be confined until the expiration of his sentence—a total of 144 months.

Turner appealed the Commission's 1983 decision to the National Appeals Board. The Appeals Board separated the conspiracy and bank larceny convictions from the weapon conveyance conviction and calculated separate sentence ranges for each. The Appeals Board rated the offense behavior for the conspiracy and bank larceny convictions as a "Category Seven" offense with a guideline sentence range of 100–148 months. In arriving at the "Category Seven" rating, the Appeals Board relied upon the same factors that the Commission had previously relied on with the exception of Turner's weapon conveyance offense. The Board rated the weapons conveyance conviction as a "Category Three" offense and added 24–32 months onto Turner's guideline range. Taken together with a 0–34 month guideline range for seventeen infraction Turner committed while in prison, *see* 28 C.F.R. § 2.36 (1986), Turner ended up with a total guideline sentence range of 124–214 months.

After the Appeals Board decision, Turner filed a petition for habeas corpus under 28 U.S.C. § 2241. Turner made three challenges to the sentence range he received. First, he claimed that there was no factual basis for the Commission's recomputation of his offense severity range. Second, he claimed that the increase in his sentencing range violated the constitutional proscription against *ex post facto* laws. *But see Inglese v. United States Parole Commission,* 768 F.2d 932, 935–39 (7th Cir.1985) (Parole Commission guidelines not "laws" within constitutional proscription against *ex post facto* laws). Third, he claimed that, in determining his sentence range, the Commission failed to follow its rules and regulations.

The parties consented to have a magistrate hear the petition under 28 U.S.C. § 636(c)(1). The magistrate entered judgment in favor of the government on all Turner's claims and he now appeals.

On appeal Turner only pursues the claim that he is entitled to relief under 28 U.S.C.

§ 2241 because the Commission failed to follow its own rules and regulations when it computed his sentence range. Turner claims that he was entitled to relief because the Commission's July, 1980 decision increased his offense severity rating for his 1976 conviction without having "new adverse information" as required by 28 C.F.R. § 2.28(f) (1986) ("§ 2.28(f)"). Even if there was new information (either the 1979 weapon conveyance conviction or "new" information concerning the 1976 bank larceny conviction), Turner argues, the Commission's actions were improper because the Commission did not comply with the procedures for reopening a case under § 2.28(f). Although he apparently concedes that the Commission could have increased his sentence range after reopening his case in October, 1980, Turner emphasizes that it did not take any action at that time. He does not believe that the October, 1980 decision could be viewed as a ratification of the earlier decision to increase his sentence range.

Turner also claims that in 1983 the Appeals Board violated § 2.28(f) when it considered his 1979 conviction. This violated § 2.28(f), Turner contends, because: (1) the Commission had already reopened the case in October, 1980 to consider the 1979 weapon conveyance conviction and chose not to do anything; (2) in 1983, the 1979 conviction was no longer "new information"; and (3) the Commission did not follow the proper procedures for reopening the case.

Finally, Turner claims that the Appeals Board violated its own rules when it increased his sentence range after applying the guidelines adopted in 1983 to his case.

## II.

■ Under 18 U.S.C. § 4218(d) parole decisions are "committed to agency discretion" for purposes of the Administrative Procedure Act. Thus, the Commission's

failure to follow administrative rules and regulations does not entitle a prisoner to habeas relief unless the failure to follow the rules or regulations also violates some constitutional provision. *See Kramer v. Jenkins*, 803 F.2d 896, 900–02 (7th Cir. 1986) (*Kramer V*), *rehearing granted and clarified*, 806 F.2d 140, 142 (7th Cir.1986) (*per curiam*) (*Kramer VI*). As this circuit recently explained in *Kramer VI*:

> ... [T]he Commission's decisions are not reviewable under the Administrative Procedure Act. A violation of rules that might call for relief under the APA does not authorize us to set aside this agency's decision. [Petitioner] must show that his continued custody is a violation of the Constitution, and the violation of an administrative rule is not the same thing as the violation of the Constitution. See *Olim v. Wakinekona*, 461 U.S. 238, 248–50, 103 S.Ct. 1741, 1747–48, 75 L.Ed.2d 813 (1983) (the due process clause does not require a state to supply procedures that are called for under state law); *Shango v. Jurich*, 681 F.2d 1091, 1100 (7th Cir.1982) (the argument that the Constitution requires states to comply with all the procedures they establish 'is analytically indefensible.'). See also, e.g., *Carson v. Block*, 790 F.2d 562, 565–66 (7th Cir.1986). A violation of the Commission's rules authorizes relief in this proceeding only if the rules are themselves essential components of due process of law—that is, if the procedures actually used by the Commission violated the Constitution. The focus of this case on remand must be on the Constitution itself, and not on whether the relief would have been available had the Commission's decision been reviewable under the APA.

806 F.2d at 142.

■ Under *Kramer VI* it is clear that Turner is not entitled to habeas relief.[1]

---

**1.** Recognizing that *Kramer V* and *Kramer VI* do not bode well for the success of his petition, petitioner urges us to overrule those precedents and adopt the standard enunciated in *Wallace v. Christensen*, 802 F.2d 1539, 1552 (9th Cir.1986) (*en banc*). In *Wallace*, a 7–4 majority of the Ninth Circuit sitting *en banc* stated that the

Parole Commission must show "good cause" for failing to apply non-discretionary regulations. Even placing considerations of *stare decisis* aside, we believe the analysis contained in *Kramer V* and *Kramer VI* is correct and we decline Turner's invitation to overrule those precedents.

His challenge is based solely on the Commission's alleged failure to follow its regulations when determining his parole date. He does not claim that he was denied notice and an opportunity to be heard in violation of his due process rights. In fact, the record makes clear that Turner received adequate process before the Commission. Without some challenge that the procedures used by the Commission were unconstitutional, Turner's petition fails.

At oral argument, Turner did contend that the Commission's failure to follow its procedures was "fundamentally unfair," apparently in violation of the Fifth Amendment. This argument, however, was not raised in his brief and is deemed waived. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220 (7th Cir.1986). Moreover, even if properly raised before us, Turner's "fundamental fairness" argument would not avail him of any relief. Turner does not contend that the Commission's alleged failure to follow its rules in any way prevented him from presenting his side of the story. Nor does he argue that the Commission could not have reached the same conclusion if it had fully followed all its procedures. In short, his argument boils down to the claim that the Commission failed to follow its rules and regulations, therefore, it acted unconstitutionally. This argument was rejected in *Kramer VI;* the Constitution does not require that all procedures be complied with. It only requires that the procedures actually used comport with the Constitution. Here, the Parole Commission's procedures did.

Accordingly, the judgment of the district court is

AFFIRMED.