**Samar CHATTERJEE, Petitioner,**

v.

**U.S. PAROLE COMMISSION, et al., Respondents.**

**No. 89 C 9542.**

United States District Court,
N.D. Illinois, E.D.

Jan. 9, 1990.

See also, D.C., 731 F.Supp. 274.

Samar Chatterjee, pro se.

No appearance for respondents.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Samar Chatterjee ("Chatterjee") has tried once again to file a petition under 28 U.S.C. § 2241 ("Section 2241") against the United States Parole Commission ("Commission") and Warden Art Beeler ("Beeler") of the federal Metropolitan Correctional Center here in Chicago ("MCC").[1] This time Chatterjee asserts:[2]

> Ground one: Respondants are holding Petitioner unlawfully after Aug 30, 1989, the effective date of parole granted to him on May 2, 1989.
>
> Supporting FACTS (tell your story *briefly* without citing cases or law): On May 2, 1989, Commission's "Notice of Action" granted Petitioner an effective parole date of August 30, 1989, provided assessment and restitution orders are satisfied. On May 10, 1989, Petitioner appealed the Notice of Action on the grounds that he does not have any funds to pay said assessment/restitution. On July 25, 1989, the National Appeals Board denied parole, but did not serve the Notice of Action On Appeal on the Petitioner until Aug 30, 1989. This was a fraudulant act

---

1. Chatterjee's first effort came in Case No. 89 C 6725, where he advanced the first of the three grounds quoted in the next sentence. In that case this Court (1) granted Chatterjee leave to file in forma pauperis and (2) obtained from this District Court's Attorney Admissions Coordinator Susan Schroeder the name of the next-listed member of this District Court's trial bar available for pro bono appointments in such situations. As chance would have it, the appointed counsel was Shelly Kulwin, Esq. ("Kulwin"), who has appeared before this Court in a number of substantial litigated matters for paying clients and has always demonstrated himself to be an experienced, knowledgeable and responsible litigator. Though Kulwin initially pursued the matter actively, he and Chatterjee

then reached an agreement to disagree and this Court granted Kulwin leave to withdraw. Because in the meantime Chatterjee had taken an administrative appeal on his own behalf after having filed this action, this Court dismissed the court action. Then, after that dismissal order had become final, Chatterjee filed a motion seeking to revive the court case based on later developments. This Court denied that in a December 5, 1989 memorandum opinion and order, suggesting Chatterjee had to tender a new petition. That is what he has now done.

2. To avoid any possible mischaracterization of Chatterjee's claims, they are quoted verbatim (spelling errors included).

by the Commission staff. On Aug 30, 1989, Petitioner submitted two affidavits showing the lack of funds to pay assessment/restitution. Yet, the Commission so far as refused to release Petitioner on parole in violation of the Eight Amendments, without showing the availability of funds, even though Judge Shadur of the U.S. District Court Chicago approved his forma pauperis status on Sept 11, 1989, and the Commission was advised of it soon thereafter.

Ground two: On Sept 18, 1989, Commission issued another Notice of Action, which was essentially the same as May 2, 1989 Notice of Action. This was a fraudulant act by the Commission staff to deny parole and jurisdiction of U.S.D.C. Supporting FACTS (tell your story *briefly* without citing cases or law): On Sept 18, 1989, the Commission issued another Notice of Action similar to the May 2, 1989 Notice of Action. On Oct 25, 1989, Commission informed U.S.D.C. Judge Shadur with respect to Petitioner's 89 C 6725 Petition under 28 U.S.C. § 2241 that they were reviewing Petitioner's Sept 20, 1989 Administrative Appeal, received by the Commission on Sept 25, 1989. Commission staff deliberately failed to furnish records of the May 10, 1989 Appeal and denial of parole on Aug 30, 1989; a fraudulant act in itself. Petitioner's attorney Kulwin also filed a *Jurisdictional Statement* on Oct 13, 1989 before Judge Shadur showing jurisdiction of the U.S.D.C. with respect to 89 C 6725 Petition. Yet unfortunately, the Court dismissed the 89 C 6725 Petition on Oct 25, 1989, and suggested filing a new petition by its Dec 5, 1989 order. Also, the Commission had only 60 days from Sept 25, 1989, i.e. up to Nov 25, 1989, to make a decision on the Sept 20, 1989 Appeal. The Commission has failed to make a decision to date, which is a violation of its own regulations and denial of parole and Eight Amendment rights. Because of Petitioner's forma pauperis status, demanding restitution/assessment prior to parole is a violation of the Feb 6, 1989 judgment of the U.S.D.C. and the Eight Amendments. Petitioner seeks relief from these serious violations/misconduct of the Commission staff.

Ground three: Petitioner is being held by the M.C.C. in an unsafe and undesirable condition after a violent assault on Nov 7, 1989, and is entitled to relief.

Supporting FACTS (tell your story *briefly* without citing cases or law): On Nov 7, 1989, Petitioner was violently assaulted by an inmate, A. Williams # 00619–024, who has a history of emotional problems and violent tendencies, as a result of the neglect by the M.C.C. officials. Subsequently, Petitioner was located on the 23rd Floor where most of A. Williams' friends were and presented a threat to the Petitioner. Yet, the M.C.C. officials were callous and negligent of the unsafe conditions. As such, Petitioner seeks relief and immediate parole.

At the core of Chatterjee's first two grounds is a factual dispute as to whether he has the money to pay the assessment and restitution ordered as part of his sentence. If he does, Commission's determination that he cannot obtain early parole without satisfying those conditions is clearly valid. If he does not, Commission's determination may pose substantial legal problems—or at least Chatterjee's claim to that effect cannot be deemed "frivolous" in the legal sense.[3]

As for Chatterjee's third ground, that does not on its face present a conventional habeas corpus claim cognizable under Section 2241, though Chatterjee might well have some other cause of action. Indeed, Chatterjee has already sued separately on

---

**3.** This Court of course recognizes that (1) the standard of review of parole determinations is whether the decision constitutes an abuse of discretion (*Solomon v. Elsea,* 676 F.2d 282, 290 (7th Cir.1982) (per curiam)) and (2) a court of review need only determine whether a rational basis exists in the record for the Parole Commission's conclusions as set forth in its statement of reasons (*Schiselman v. United States Parole Comm'n,* 858 F.2d 1232, 1237 (7th Cir.1988) (per curiam) (citing *Solomon,* 676 F.2d at 290)).

that claim in Case No. 89 C 9315 (a case assigned at random to this Court's colleague Honorable George Marovich).[4] But our Court of Appeals teaches that the granting or denial of in forma pauperis filings cannot be splintered—the case must be treated as a unit for that purpose.

Chatterjee's financial status of course presents a chicken and egg problem. If Commission is right and Chatterjee has access to but is secreting some $1.4 million, he does not qualify for in forma pauperis status. If however Chatterjee is telling the truth in his current application and his total assets are less than $5 (lodged in his MCC prison account), he does qualify. For present purposes this Court must accept Chatterjee's version (obviously without making any *finding* in that respect).

Accordingly Chatterjee is granted leave to file in forma pauperis. This Court orders the United States Attorney to file an answer or other pleading to the Petition on or before January 22, 1990.[5]

---

**4.** In that other lawsuit Chatterjee sues Beeler and Chatterjee's fellow inmate A. Williams for compensatory damages of $500,000 and punitive damages of $500,000. Although Chatterjee labels his Complaint as brought under 42 U.S.C. § 1983, it would of course have to stand (if at all) against Beeler as a *Bivens* claim. No opinion is expressed here as to the viability of that claim or the claim against Chatterjee's fellow inmate.

**5.** Although this Court almost invariably appoints counsel in cases brought pro se by state or federal prisoners who advance non-frivolous claims (either via habeas corpus or claiming violations of their constitutional rights), that will not be done in this instance—at least not at this point. As n. 1 reflects, Chatterjee rejected Kulwin's services in Case No. 89 C 6725. In his current petition Chatterjee discloses he is appealing his underlying criminal conviction, saying he was "duped by fraudulant [sic] lawyers" —a reference to his trial counsel, Jeffrey Steinback ("Steinback"), who Chatterjee further says was "in conspiracy with prosecutors." Steinback has appeared before this Court many times in major criminal matters and has always reflected the highest standards of professional responsibility. In light of what appears to be Chatterjee's penchant for turning on anyone who represents him and who does not get the result Chatterjee wants, this Court is not about to subject still another lawyer to such possible attack. That however remains an available option if future developments in this litigation appear to call for it.