Samar **CHATTERJEE**, Plaintiff,

v.

**UNITED STATES PAROLE COMMISSION, et al.,**
Defendants.

No. 89 C 9542.

United States District Court,
N.D. Illinois, E.D.

Feb. 23, 1990.

---

Samar Chatterjee, pro se.

Carol A. Davilo, Asst. U.S. Atty., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER [1]

SHADUR, District Judge.

Chicago Metropolitan Correctional Center ("MCC") Warden Mark Henry and the United States Parole Commission ("Commission") have submitted the Response of the United States (the "Response") to the 28 U.S.C. § 2241 ("Section 2241") habeas corpus petition (the "Petition") filed pro se by Samar Chatterjee ("Chatterjee"). Chatterjee has in turn retorted with a self-prepared one-page "Motion To Grant Petition." [2] As permitted by Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts ("Rules"), this Court elects to apply those Rules to this Section 2241 action. For the reasons stated in this memorandum opinion and order, this Court finds there is no need for discovery (Rule 6), expansion of the record

(Rule 7) or an evidentiary hearing (Rule 8(a)). Chatterjee's Petition is denied.

### *Facts* [3]

Following Chatterjee's guilty plea to three counts of a 32–count indictment charging an extensive and extended series of mail frauds, on February 6, 1989 this Court's colleague Honorable John Nordberg sentenced Chatterjee to:

1. four years in the custody of the Attorney General under 18 U.S.C. § 4205(b)(2) ("Section 4205(b)(2)"), less credit for time already served,

2. to be followed by a five-year probationary period,

3. subject to a judgment of restitution of $220,000.

Initially Judge Nordberg's contemporaneous Form AO–235 Report on Committed Offender stated as his reason for sentencing Chatterjee to a custody term above the applicable estimated parole guidelines: [4]

1. Aggravating and/or mitigating circumstances surrounding the offense behavior (including any characteristics that affect your view of this defendant's role in the offense):

> Defendant has not indicated remorse by willingness to make restitution from foreign funds in his name.

Judge Nordberg's AO–235 Report continued in part with this statement under "Other Comments":

> After defendant has made restitution, the Court recommends immediate parole since defendant has satisfactorily served over 18 months in custody.

Chatterjee then pursued his right (made applicable to pre-November 1, 1987 offenses under the then-existing version of Fed.R.Civ.P. 35(b)) to seek a reduction in

---

1. For a brief account of the earlier procedural history of this case, see this Court's January 9, 1990 memorandum opinion and order (the "Opinion"). 731 F.Supp. 272. To the extent those earlier proceedings are relevant to the current decision, they will be reviewed briefly later in the text.

2. That supplemental filing by Chatterjee adds nothing substantive to what is already before this Court via the Petition and the Response.

3. These facts are drawn from the Petition and from the exhibits attached to the Response (all of which are matters of official record).

4. This reference to "guidelines" should not be confused with the Sentencing Commission's guidelines that are applicable to judicial sentencing for post-November 1, 1987 criminal offenses. Instead the text refers to the internally-promulgated guidelines used by the Commission in reaching its decisions as to parole for prisoners sentenced and in custody under the regimen applicable to pre-November 1, 1987 offenses.

his sentence. On April 27, 1989 Judge Nordberg revised his evaluation of Chatterjee in another AO–235 Report (which began by saying "Please disregard prior Report of February 6, 1989"):

> 1. Aggravating and/or mitigating circumstances surrounding the offense behavior (including any characteristics that affect your view of this defendant's role in the offense):
>
>> Defendant has not indicated full remorse, but greater remorse indicated in Defendant's Rule 35 motion hearing.

Judge Nordberg's "Other Comments" in the new AO–235 Report read this way:

> Please disregard prior AO–235 report of 2/6/89. Without regard to any payment of restitution, the Court recommends early parole, upon a showing of genuine remorse, because the defendant has already served satisfactorily over 20 months in custody.

Judge Nordberg's decision to impose the $220,000 restitution obligation as part of Chatterjee's sentence took into consideration these facts, summarized at page 1 of Chatterjee's presentence investigation report:

> On August 26, 1987, a federal grand jury returned a thirty-two count indictment charging Samar Chatterjee with conspiracy, making false statements to a government agency, and mail fraud. An arrest warrant was issued upon the return of the indictment and Mr. Chatterjee was subsequently arrested on August 31, 1987. At the time of his arrest, the defendant was carrying a shoulder bag which contained numerous papers and records. Among these papers were three sheets, in the defendant's handwriting listing account numbers for certificates of deposits at three banks and the amount of the certificates. Four investment certificates from the Central Trust Company Bank in Ontario, Canada were also in the bag. Based on these

documents and the testimony concerning them, the court found that the defendant had approximately $1.4 million deposited in accounts in Canada and India.

In turn, Chatterjee's nonpayment of the restitution amount—despite the apparent availability of such a large sum of money for that purpose—is at the very core of the refusal by Commission to grant Chatterjee early release on parole.[5] As stated in the July 25, 1989 Notice of Action on Appeal by Commission's National Appeals Board:

> The Commission recognizes that the court did not require the felony assessment or restitution be paid prior to your release. However, the Commission considers that a willful refusal to pay restitution from available money would mean that your release on parole would promote disrespect for the law. The choice of whether to pay this prior to release is yours. It was established by a judicial proceeding that you possessed $1.4 million in a foreign account. If the restitution is paid, then you may be released after 24 months. Otherwise, you will be scheduled for a special reconsideration hearing on the next appropriate docket after August 20, 1989.
>
> If you contend that you do not have the $1.4 million account, you must justify your position by submitting a documented account of where these funds went. Otherwise, the Commission will assume that this money is available to you.
>
> The Commission recognizes that you received a (b)(2) sentence. However, the parole criteria are the same for all sentences.

In response to that open invitation by Commission for Chatterjee to explain the enormous facial gap between his financial situation at the time of his arrest and his current claimed inability to make restitution,[6] Chatterjee tendered only this pair of affidavits to Commission:

---

**5.** Commission is of course not bound by Judge Nordberg's recommendation in the revised AO–235 Report. Under the parole system (now repealed by Congress), that is a purely administrative decision subject to a limited judicial review (more of this later).

**6.** Indeed, Chatterjee's claims of poverty are far greater than that. In this Court he has proceeded in forma pauperis, and this Court initially appointed pro bono counsel to represent him.

## AFFIDAVIT OF NIRMAL C. CHATTERJEE

I, Nirmal C. Chatterjee, hereby certify that the funds alleged by the U.S. District Court of Chicago as belonging to Samar Chatterjee in foreign account do not belong to him, and are not available to him at this time. The said monies are not controlled by Samar Chatterjee and has been disbursed to persons as well as organizations to whom the money belongs. Samar Chatterjee has no money in his name in any U.S. and foreign accounts at this time.

## AFFIDAVIT OF SAMAR CHATTERJEE

I, Samar Chatterjee, hereby state that to the best of my knowledge I have no money in foreign or U.S. accounts in my name at this time. Any and all monies in my name in foreign accounts have been disbursed to individuals and organizations to whom the monies belonged by Mr. Nirmal C. Chatterjee of Kanpur, India, on whose behalf I served as a fund custodian.

Once more Commission found Chatterjee's response inadequate, stating in its December 28, 1989 Notice of Action on Appeal denying him relief:

Leave to proceed in *forma pauperis* does not conclusively establish that you would be unable to exercise control over the $1.4 million in foreign bank accounts, if you attempted to do so. The Commission rejects your vague and conclusory affidavit, particularly because the money belongs to the U.S. Government; there could be no other "persons or organizations" to whom the money belongs. The Commission infers from the affidavit that Mr. N.C. Chatterjee, and/or persons unknown, are holding these funds for you as beneficial owner and are acting wholly or partly in your interest. These funds must be released to the United States Government or you must supply documentary evidence giving the name and address of each person or organization holding any part of the $1.4 million in foreign accounts as reflected in the papers seized at the time of your arrest, including the names and addresses of the banks or other depositories of these funds, and currently valid account numbers and balances. The Commission rejects your contention that these sums were merely being managed by you for their real owners, your family members. All relevant factors have been considered and no new or significant information is presented which would justify a more lenient decision.

That completes the statement of facts bearing on the substantive issues sought to be advanced by Chatterjee. But because Chatterjee also asserts some procedural flaws in the handling of his case as a basis for habeas relief, a brief recapitulation of the post-custody sequence of events affecting Chatterjee is in order:

1. Chatterjee's initial parole hearing was held at the Chicago MCC April 18, 1989. Because he had then been in custody since August 31, 1987 (more than 17 months before his February 6, 1989 sentencing), the parole hearing came at a time when he already had 19½ months credited against his four-year custody term.

2. Commission's May 2, 1989 Notice of Action ruled that Chatterjee could be paroled effective August 30, 1989 (after exactly half of his sentence had been served), but only *if* he made the required restitution. If he did not, he would be required to serve until his mandatory release date of September 28, 1990.

3. On May 10, 1989 Chatterjee appealed that decision to the National Appeals Board. That resulted in the already-mentioned July 25, 1989 Notice of Action, which:

(a) reconfirmed the August 30, 1989 effective date for parole if Chatterjee made restitution but

(b) otherwise stated that he would be scheduled for a special reconsideration hearing on the next appropriate docket after August 20, 1989.

4. Because Chatterjee then announced he would not pay the restitution, he was given a special reconsideration hearing on August 30, 1989. That led to

a September 18, 1989 Notice of Action continuing Chatterjee to the expiration of his sentence in September 1990.

5. On September 20, 1989 Chatterjee appealed that decision in a document that was received by Commission's Regional Office in Kansas City, Missouri on September 25 and was forwarded three weeks later to the National Appeals Board in Chevy Chase, Maryland (where it was received October 27, 1989).

6. Chatterjee later supplemented his appeal and accompanying documents by transmitting a copy of the Petition to the National Appeals Board. That document was received there November 6, and after full review Commission issued the already-mentioned December 28, 1989 Notice of Action.

### Chatterjee's Substantive Objection

■ Chatterjee urges that Commission's decision to hold him until expiration of his term, instead of granting him parole, is illegal (1) because the condition insisted on by Commission—payment of restitution—is beyond his power to satisfy and (2) because Commission is unreasonable in rejecting Chatterjee's explanation of that lack of power. Because those factors really coalesce in substantive terms, they will be dealt with together.

Commission's relevant policy is set out at 28 C.F.R. § 2.7(b):

Where a prisoner applying for parole is under an order of restitution, and it appears that the prisoner has the ability to pay and has willfully failed to do so, the Commission shall require that approval of a parole release plan be contingent upon the prisoner first satisfying such restitution order. A prisoner shall be notified that failure to satisfy this condition shall result in retardation of parole under the provisions of § 2.28(e).

That conforms to the statutory provision of former 18 U.S.C. § 3579 (now modified to conform to the current changes in sentencing procedures applicable to post-November 1, 1987 offenses and now codified at 18 U.S.C. § 3663(g)):

(g) If such defendant is placed on probation or paroled under this title, any restitution ordered under this section shall be a condition of such probation or parole. The court may revoke probation and the Parole Commission may revoke parole if the defendant fails to comply with such order. In determining whether to revoke probation or parole, the court or Parole Commission shall consider the defendant's employment status, earning ability, financial resources, the willfulness of the defendant's failure to pay, and any other special circumstances that may have a bearing on the defendant's ability to pay.

Here Commission has determined that Chatterjee has not satisfactorily explained away the $1.4 million, which it continues to ascribe to him in the absence of anything better than the conclusory denial that he has tendered together with the two already-quoted non-specific affidavits. For habeas corpus purposes this Court's limited function is to determine only whether there is "some evidence" in the record to support Commission's determination (*Kramer v. Jenkins*, 803 F.2d 896, 901 (7th Cir.1986)). As Opinion at 273 n. 3 summarized the relevant standards:

This Court of course recognizes that (1) the standard of review of parole determinations is whether the decision constitutes an abuse of discretion (*Solomon v. Elsea*, 676 F.2d 282, 290 (7th Cir.1982) (per curiam)) and (2) a court of review need only determine whether a rational basis exists in the record for the Parole Commission's conclusions as set forth in its statement of reasons (*Schiselman v. United States Parole Comm'n*, 858 F.2d 1232, 1237 (7th Cir.1988) (per curiam) (citing *Solomon*, 676 F.2d at 290)).

In those terms there is only one possible answer. Commission's determination is surely a rational one, it is based on more than "some evidence," and Chatterjee is not entitled to an early release via habeas corpus.

### Chatterjee's Procedural Objection

■ Former 28 U.S.C. § 4215(b)—part of the statute that spells out the appeal right

from adverse parole decisions to the National Appeal Board—provided:

> The National Appeals Board, upon receipt of the appellant's papers, must act pursuant to rules and regulations within 60 days to reaffirm, modify, or reverse the decision and shall inform the appellant in writing of the decision and the reasons therefor.

That statutory provision was matched by Commission's regulation establishing the same 60–day limit (28 C.F.R. § 2.26(c)).

There can be no dispute about Commission's noncompliance with the 60–day timetable, nor for that matter with the mandatory nature of that timetable (the statute says "must"). But in the context of this case the few days by which Commission exceeded the statutory limit in denying Chatterjee's appeal has no effect, for Chatterjee offers not even a hint as to any claimed prejudice resulting from the delay or any bad faith on Commission's part (see *Heath v. United States Parole Commission*, 788 F.2d 85, 89–90 (2d Cir.1986) and the numerous cases cited there; *Bryant v. Grinner*, 563 F.2d 871, 872 (7th Cir.1977)).

In short, Chatterjee received the requisite notice and opportunity to be heard, the essential components of due process (*Turner v. Henman*, 829 F.2d 612, 614 (7th Cir. 1987)). Any such brief delay by Commission in meeting the statutory requirement entitles Chatterjee to no more in procedural terms than obtaining the decision he has already received. This too is an insufficient ground for habeas relief.

### Chatterjee's Third Ground

Chatterjee has linked with the two grounds already discussed a claim that he is being held at MCC in "an unsafe and undesirable condition after a violent assault on November 7, 1989." Opinion at 273–74 has already rejected that claim, at least under the circumstances Chatterjee describes, as not providing a predicate for habeas relief.

### Conclusion

As already stated, none of the further procedures available under Rules 6, 7 and 8

is called for here. "[D]isposition of the petition as justice shall require" (Rule 8(a)) calls for its dismissal, and this Court accordingly orders such dismissal.