**Johnny Ray HILL, Petitioner,**

v.

**U.S. ATTORNEY GENERAL, et al., Respondents.**

**No. 90–3390–RDR.**

United States District Court, D. Kansas.

May 5, 1993.

Johnny Ray Hill, pro se.

D. Brad Bailey, Office of U.S. Atty., Topeka, KS, for respondents.

**MEMORANDUM AND ORDER**

ROGERS, District Judge.

This matter is before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner, an inmate in fed-

eral custody, commenced this action while housed at the United States Penitentiary, Leavenworth, Kansas. He claims his federal sentence has expired and that he is unlawfully confined. The respondents have filed an Answer and Return, and petitioner has filed a traverse. This matter is ripe for review, and the court makes the following findings and order.

## Factual Background

In December 1972, petitioner was sentenced to a term of 14 years for bank robbery by the United States District Court for the District of Oregon. Petitioner was paroled from this sentence in October 1978 with approximately 2,900 days remaining on his federal term.

On July 3, 1979, the United States Parole Commission ("Commission") issued a parole violator warrant for petitioner. In June 1980, the Commission was advised petitioner had been sentenced to an Oregon state term of 35 years for robbery, kidnapping, and other crimes. The Commission's violator warrant was lodged as a detainer against petitioner.

In late March 1982, a dispositional revocation hearing was held at the Oregon State Penitentiary. The Commission issued a Notice of Action in April 1982, and notified petitioner of its decision to revoke his parole and continue his case for a ten year reconsideration hearing. The notice also advised petitioner he would receive no credit on his federal sentence for the time since his release from federal custody and that he would resume the federal sentence either upon his release from state custody or upon a decision to reparole him to his state sentence, whichever occurred first. The decision was affirmed on appeal, with a modified statement of reasons to support the decision.

The Commission conducted record reviews of petitioner's case in January 1984, with no change in the decision to continue petitioner to a ten year reconsideration hearing, and in May 1986, when the Commission reopened petitioner's case and continued him to a presumptive parole date with a special drug aftercare condition.

In August 1988, petitioner was transferred to federal custody as a state boarder. He was released from his state sentence on June 27, 1989, and was taken into custody on the parole violator warrant on June 28, 1989. The Commission held a statutory interim hearing on September 5, 1989, following which the Commission decided to reopen his case, postpone his presumptive parole date, and continue petitioner to the expiration of his sentence.

## Discussion

The scope of judicial review of decisions made by the United States Parole Commission is extremely narrow. The habeas corpus court reviews to determine whether the decision is arbitrary and capricious or an abuse of discretion. *Dye v. United States Parole Commission*, 558 F.2d 1376 (10th Cir. 1977); *see also Fiumara v. O'Brien*, 889 F.2d 254 (10th Cir.), *cert. denied*, 495 U.S. 958, 110 S.Ct. 2563, 109 L.Ed.2d 746 (1990). Under this standard of review, a district court may not review de novo the Commission's findings of fact; rather, the court determines whether there is "some evidence tending to support the agency's decision." *Kramer v. Jenkins*, 803 F.2d 896, 901 (7th Cir.1986), *clarified on reh'g*, 806 F.2d 140 (7th Cir.1986) (per curiam). "The inquiry is not whether the Commission's decision is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the Commission's conclusions embodied in its statements of reasons." *Solomon v. Elsea*, 676 F.2d 282, 290 (7th Cir.1982). *Accord, Misasi v. United States Parole Commission*, 835 F.2d 754, 758 (10th Cir.1987). Because of the broad discretion accorded to the Parole Commission to promulgate rules and regulations establishing guidelines for the exercise of its power, courts defer to the Commission's interpretation of its regulations, unless those interpretations are unreasonable. *Timpani v. Sizer*, 732 F.2d 1043 (2d Cir. 1984). The burden rests on the petitioner to show the Commission abused its discretion and that such abuse resulted in an abridgment of petitioner's constitutional rights. *See Billiteri v. United States Board of Parole*, 541 F.2d 938, 943–44 (2d Cir.1976).

Here, petitioner's claim that his federal sentence has expired is based on his reading of 28 C.F.R. § 2.21(c), which provides:

Time served on a new state or federal sentence shall be counted as time in custody for reparole guideline purposes. This does not affect the computation of the expiration date of the violator term as provided by §§ 2.47(d) and 2.52(c) and (d).

Petitioner reasons that his federal sentence ran concurrently with his Oregon state sentence and has expired. A careful review of the applicable federal regulations, however, shows that, absent a decision by the Commission to reparole an inmate, service of a new sentence does not operate to reduce a parole violator term. Rather, § 2.21(c) governs reparole guidelines, which are used by the Commission to evaluate the appropriate length of service on a violator term following the revocation of parole.

In contrast, the execution of the violator term is governed by 28 C.F.R. § 2.52(c)(2), which provides that where a parolee has been convicted of a new crime punishable by incarceration, the parolee shall forfeit the time from release on parole until the execution of the parole violator warrant.

Petitioner was advised by the Commission in April 1982 that he would receive no credit on his federal sentence until he was released from the state sentence or was reparoled. The parole violator warrant was not executed until petitioner's release from custody on his Oregon state sentence, and he did not resume service of his original, 14–year federal sentence until June 28, 1989. This does not result in a term exceeding the original federal sentence. The court finds the Commission's action in this case complies with the applicable regulations and concludes petitioner is entitled to no relief.

IT IS THEREFORE ORDERED the petition for habeas corpus is denied.