19 F.3d 1436
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Samuel B. CERRO, Petitioner-Appellant,
v.
G.R. GASELE, Respondent-Appellee.
 No. 92-3267.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 15, 1994.*
Decided March 22, 1994.
 
 Before CUDAHY, EASTERBROOK and MANION, Circuit Judges.
 
 Order
 
 1
 Samuel B. Cerro, proceeding pro se, appeals from a final judgment of the district court dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2241.
 
 
 2
 Cerro first asserts that the United States Parole Commission ("USPC") failed to provide him reasonable access, at least thirty days prior to his parole determination proceedings, to the documents used by the USPC to make its parole determinations, in violation of 18 U.S.C. Sec. 4208(b).[1] This argument is without merit. The USPC based its initial parole determination on information contained in the presentence investigation report ("PSI"). Cerro reviewed the materials in his "institutional file," which included the PSI, on March 13, 1988, sixty days prior to his initial parole hearing on May 12, 1988. The USPC also based its parole determination at Cerro's statutory interim parole hearing on November 5, 1991, on the PSI, which was available to Cerro in his institutional file.
 
 
 3
 Cerro also asserts that the USPC violated 18 U.S.C. Sec. 4208(b) by failing to provide him with reasonable access to information received by the USPC in March 1990 indicating that Cerro continued to manage his massage parlor and drug operations while incarcerated. This argument fails because this information was not used by the USPC to make its parole determination within the meaning of 18 U.S.C. Sec. 4208(b). The information was not used to calculate Cerro's offense severity of category seven or to determine Cerro's parole date. Rather, the information was merely included among factors confirming that the USPC's initial parole determination was correct.
 
 
 4
 Cerro asserts that the USPC did not state the reasons for its denial of parole with sufficient particularity under 18 U.S.C. Sec. 4206(b). The USPC must provide a statement of reasons that "enables a court of review to determine whether parole has been denied for an impermissible reason." Pulver v. Brennan, 912 F.2d 894, 897 n. 6 (7th Cir.1990) (quoting Solomon v. Elsea, 676 F.2d 282, 286 (7th Cir.1982)). The Notice of Action issued by the USPC on June 2, 1988, after Cerro's initial parole hearing, and the Notice of Action on Appeal, issued on December 6, 1988, by the National Appeals Board, the "appellate arm" of the USPC, Kramer v. Jenkins, 803 F.2d 896, 898 (7th Cir.), reh'g granted on other grounds, 806 F.2d 140 (7th Cir.1986), satisfy this requirement. The Notice of Action issued after Cerro's statutory interim parole hearing, and the second Notice of Action on Appeal, issued on March 31, 1992, also satisfy this requirement.
 
 
 5
 Cerro's final argument is a challenge to the USPC's categorization of his offense level. Our review of this claim is limited to "whether there is a rational basis in the record for the Commission's conclusions embodied in its statement of reasons." Solomon, 676 F.2d at 290. The USPC is free to consider "all available information," including "hearsay and offenses of which the defendant has not been charged." Kramer, 803 F.2d at 900. Cerro's offense level was based on information contained in the PSI that he conspired to distribute between 6.25 and 18.74 kilograms of cocaine. The PSI provided the USPC with significantly more than a rational basis for its conclusion.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record
 
 
 [1]
 18 U.S.C. Secs. 4208(b) and 4206(b) were repealed by the Comprehensive Crime Control Act of 1984, Pub.L. No. 98-473, Title II, Sec. 218(a)(5), 98 Stat.1976, 2027 (Oct. 12, 1984), effective November 1, 1992