108 F.3d 1379
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Kenneth G. HANSEN, Petitioner-Appellant,
v.
Percy H. PITZER, Respondent-Appellee.
 No. 96-2493.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 25, 1997.*
Decided March 7, 1997.
Rehearing and Suggestion for Rehearing En Banc Denied May 20, 1997.
 
 Before CUMMINGS, EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 In February 1984 Kenneth Hansen was convicted of arson, interstate travel to commit a crime, and the illegal use of a telephone and was sentenced to 30 years in prison. His first parole hearing was in 1992. In 1994, Mr. Hansen received his second parole hearing and his presumptive parole date of December 23, 2000, was not changed. He appealed the Parole Commission's ("Commission") order contending that it had not followed proper procedures. The National Appeals Board ("NAB") rejected Mr. Hansen's appeal but remanded for a statement of aggravating factors in support of its decision of more than 48 months above the minimum guideline range.[1] After a further explanation had been supplied, Mr. Hansen appealed once again to the National Board but he obtained no relief.
 
 
 2
 Mr. Hansen filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241. He asserted that the Commission had failed to consider the status of his codefendant in making its parole determination; that the Commission arbitrarily and capriciously had added the aggravating factors on remand; that the Commission had demonstrated vindictiveness toward Mr. Hansen. He also claimed that his right to an appeal was violated because one of the hearing officers who took part in his 1992 parole hearing also took part in the NAB's 1994 remand for aggravating factors. Finally, he claimed that the Commission arbitrarily and capriciously failed to grant him superior program achievement. The district court rejected each of these claims. Mr. Hansen raises these same claims on appeal. We affirm.
 
 
 3
 Mr. Hansen first claims, citing 28 C.F.R. § 2.13-07 (1991), that he was denied his rights to due process and equal protection because the status of his codefendant, Terlecky, was not considered in the Commission's parole decisions. Mr. Hansen's reference is not to the Parole Commission's published regulations but to its internal notes and procedures. A deviation from an internal rule or procedure is not within this court's jurisdiction to review. Edmundson v. Turner, 954 F.2d 510, 514 (8th Cir.1992).
 
 
 4
 Mr. Hansen further argues that he was denied equal protection because, although he and Terlecky both had category eight severity ratings, Terlecky's minimum time served before release on parole was placed at 80 months, but Mr. Hansen's minimum time served before release on parole was placed at 120 months. However, this difference is explained by the fact that Terlecky was sentenced as a youth and had a higher salient factor score, thus leading to a shorter time served before parole.[2] Mr. Hansen's contention that he was denied equal protection because Mr. Terlecky's release date exceeded the minimum by a fewer number of months than his own also fails because a petitioner has no constitutional right to a parole release date identical to that of a codefendant. Augustine v. Brewer, 821 F.2d 365, 372 (7th Cir.1987). Mr. Hansen was convicted of an additional crime and had two prior convictions. In addition, Mr. Hansen's prehearing summary indicates that he had five disciplinary violations by May 1992 which were mentioned again in his 1994 parole hearing summary.
 
 
 5
 Mr. Hansen next claims that the Commission improperly changed his notice of action when the NAB remanded for an explanation of the aggravating factors. The addition to the Notice of Action in no way changed Mr. Hansen's presumptive parole release date; rather the amended Notice of Action merely articulated the aggravating factors for which he had received more than 48 months over the minimum guideline range of 120 months. Mr. Hansen has failed to demonstrate that the alleged violation of an administrative rule also violated his constitutional rights. Kramer v. Jenkins, 806 F.2d 140, 142 (7th Cir.1986); see also Turner v. Henman, 829 F.2d 612, 614-15 (7th Cir.1987).
 
 
 6
 Mr. Hansen also asserts that the addition of the aggravating factors was vindictive because the aggravating factors were included after he appealed thus chilling the appeal process, citing North Carolina v. Pearce, 395 U.S. 711 (1969). However, Mr. Hansen did not receive a harsher sentence; rather the NAB simply remanded the decision for a clarification of reasons for imposing a parole continuation date more than 48 months above the lower limit of 120 months. Because he did not receive a harsher sentence, a presumption of vindictiveness cannot apply.
 
 
 7
 Mr. Hansen also contends that his right to an appeal by an impartial tribunal was violated because an official who participated in the June 1992 parole decision also participated in the 1994 NAB panel which remanded the case for a description of the factors supporting a continuation date more than 48 months beyond the minimum number of months in his range. However, Mr. Hansen did not appeal the 1992 parole decision in which the parole official participated. The parole official who participated in the 1992 decision did not participate in the initial 1994 parole decision. He reviewed the latter decision at the NAB level. Mr. Hansen was given the opportunity to appeal again after the remand. Moreover, the parole official was not the sole decisionmaker who approved remanding the case for a statement of the aggravating factors. Finally, Mr. Hansen has not shown that the official was a biased or prejudiced decisionmaker. The claim of lack of an impartial tribunal fails.
 
 
 8
 Finally, the decision to award superior program achievement is entirely within the discretion of the Commission, 28 C.F.R. § 2.60(a), and we do not find that its decision was arbitrary or capricious.
 
 
 9
 AFFIRMED.
 
 
 
 *
 On June 28, 1996, this court granted the appellee's motion for an order of non-involvement due to lack of service in the trial court. After an examination of the brief and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the appellant's brief and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Under the guidelines, Mr. Hansen's severity rating of category eight and his salient factor score of six specify a range before release on parole of 120 or more months. 28 C.F.R. § 2.20(j) n. 1
 
 
 [2]
 Mr. Hansen does not assert that he is a member of a protected class nor has he attempted to demonstrate that the difference in the minimum number of months to be served before release for youths and adults has no rational basis. See Inglese v. United States Parole Comm'n, 768 F.2d 932, 940 (7th Cir.1985). Although he alleges that he was treated differently from Mr. Terlecky, they were not similarly situated. Thus his equal protection claim fails