**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**William M. BRYSON, Jr.,
Defendant–Appellant.**

**No. 91–6254.**

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 1, 1992.

Decided Dec. 16, 1992.

Thomas P. Hogan, Jr., Daniel Roy Ortiz, Post–Conviction Assistance Project, University of Virginia School of Law, Charlottesville, VA, argued for defendant-appellant.

William Corley Lucius, Asst. U.S. Atty., Greenville, SC, argued (John S. Simmons, U.S. Atty., on brief), for plaintiff-appellee.

Before RUSSELL, WILKINS, and HAMILTON, Circuit Judges.

---

## OPINION

HAMILTON, Circuit Judge:

The issue presented in this case is whether a United States Magistrate Judge, who has accepted a defendant's guilty plea and imposed sentence in a misdemeanor case with the defendant's consent, can later entertain a 28 U.S.C. § 2255 motion by the defendant to vacate, set aside, or correct the sentence, and enter an order dismissing the motion without further consent of the defendant. Because we conclude a United States Magistrate Judge is without such authority, we must vacate the magistrate judge's order dismissing appellant's § 2255 motion.

I

On May 22, 1985, a federal grand jury sitting in the District of South Carolina returned a three-count indictment charging appellant, William Bryson Jr., with two counts of threatening the President of the United States in violation of 18 U.S.C. § 871 (counts one and two), and one count of endeavoring to obstruct or impede Internal Revenue Service officers in violation of 26 U.S.C. § 7212(a) (count three).

On July 11, 1985, Bryson, appearing with counsel, was arraigned before a magistrate judge and entered a plea of not guilty. Thereafter, Bryson entered into a plea agreement. The terms of the agreement were straightforward. In exchange for Bryson's plea of guilty to endeavoring to obstruct or impede Internal Revenue Service officers, a misdemeanor, the government agreed to dismiss counts one and two of the indictment.

At the guilty plea hearing on September 5, 1985, Bryson, appearing with counsel, was informed of his right to have the mat-

ter heard by a district judge and consented to proceed before a magistrate judge. The following exchange took place:

> THE COURT: Mr. Bryson, you understand that you have a right to a trial in front of a district court judge rather than a United States Magistrate and you'd have a right to let that district court judge either hear the case before a jury or the [sic] judge hear the case and let that district court judge enter judgment rather than myself. You understand that right?
>
> MR. BRYSON: Yes, sir.
>
> THE COURT: Do you want to proceed in front of me or would you rather have it transferred in front of a district court judge?
>
> MR. BRYSON: Sir, I'd like to proceed in front of you.

Joint Appendix (J.A.) at 36.[1] Bryson was given a one-year suspended sentence and five years' probation with conditions.[2]

On August 27, 1990, Bryson filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In his motion, Bryson raised approximately fourteen grounds for relief, including claims that: his guilty plea was involuntary, he received ineffective assistance of counsel, his conviction violated the Double Jeopardy Clause and his due process rights, the government failed to comply with *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and he was innocent of any charges against him.

On September 18, 1991, the government filed an answer and moved to dismiss, asserting that the motion failed to state a claim and, in the alternative, was moot because Bryson's probationary period had expired on September 5, 1990. Treating the government's motion as one for sum-

---

1. No consent form appears in the record on appeal. The parties do not dispute that one was executed by Bryson at the guilty plea hearing on September 5, 1985. The government submitted a sample of the usual form employed in the District of South Carolina. It reads: "I HEREBY: Waive (give up) my right to trial, judgment, and sentencing before a United States district judge and I consent to trial, judgment, and sentencing before a United States magistrate." Appellee's Brief Addendum at 7.

2. The magistrate judge imposed five special conditions. They were that Bryson: (1) continue to attend mental health counseling; (2) pay a $1,000 fine; (3) arrange all appointments to meet with the IRS through the Probation Office; and (4) not attend any ceremony, meeting, or gathering, where the President, Vice–President, or any candidate for President or Vice–President is present.

mary judgment, the magistrate judge granted the government's motion on December 3, 1991. The magistrate judge reasoned that Bryson's claims were moot.[3] In his order, the magistrate judge also instructed Bryson that he could note an appeal to this court within thirty days of the date of the order. Bryson noted a timely appeal.

## II

The issue presented here put simply is: whether the magistrate judge had jurisdiction to entertain Bryson's § 2255 motion. The government proffers two alternative theories which it claims authorized the magistrate judge's jurisdiction over the § 2255 motion. We find neither persuasive and shall address each in turn.

## A

The government's first argument is that because 18 U.S.C. § 3401 permits a magistrate judge to conduct trials and impose sentences in misdemeanor cases, it follows that a magistrate judge also has the authority under that section to rule on a subsequent § 2255 motion. We disagree.

To begin our discussion, we must first generally define the outer limits of a magistrate judge's authority. Those limits are governed by 28 U.S.C. §§ 631–39. Section 636 provides in pertinent part:

(a) Each United States magistrate serving under this chapter shall have within the territorial jurisdiction prescribed by his appointment—

(3) the power to conduct trials under section 3401, title 18, United States Code, in conformity with and subject to the limitations of that section; and

(4) the power to enter a sentence for a misdemeanor or infraction with the consent of the parties.

(b)(1) Notwithstanding any provision of law to the contrary—

(A) a judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case.... A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.

(B) a judge may also designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement....

(3) A magistrate may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States.

(c) Notwithstanding any provision of law to the contrary—

(1) Upon consent of the parties, a ... magistrate ... may conduct any and all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or court he serves.

Thus, under § 636, a magistrate judge has the authority to conduct trials of misdemeanants and impose sentence in those cases in conformity with and subject to the limitations of 18 U.S.C. § 3401. 28 U.S.C. § 636(a)(3) & (4). Section 3401 provides in pertinent part:

(a) When specially designated to exercise such jurisdiction by the district court or courts he serves, any United States magistrate shall have jurisdiction to try persons accused of, and sentence persons convicted of, misdemeanors committed within that judicial district.

---

**3.** The magistrate judge also noted that Bryson's guilty plea was "freely, voluntarily and intelli-

gently" given. Joint Appendix at 48 n. 1.

(b) Any person charged with a misdemeanor may elect, however, to be tried before a judge of the district court for the district in which the offense was committed. The magistrate shall carefully explain to the defendant that he has the right to trial, judgment, and sentencing by a judge of the district court and that he may have a right to trial by jury before a district judge or magistrate. The magistrate shall not proceed to try the case unless the defendant, after such explanation, files a written consent to be tried before the magistrate that specifically waives trial, judgment, and sentencing by a judge of the district court.

Section 3401(a) gives a magistrate judge, when designated by the district court, jurisdiction to try and sentence persons convicted of misdemeanors committed in the judicial district. Section 3401(b) requires that the magistrate judge explain to the misdemeanant his right to have his case handled by a district judge and requires that the defendant consent in writing to be tried before the magistrate judge by specifically waiving "trial, judgment, and sentencing by a judge of the district court."

Unquestionably, the magistrate judge had the authority to accept Bryson's plea of guilty and impose sentence. First, the dictates of § 3401(a) have been complied with. Second, the District of South Carolina has specially designated magistrate judges to "[t]ry persons accused of, and sentence persons convicted of, misdemeanors...." D.S.C. Local Rule 19.00. Finally, the commands of § 3401(b) are met because Bryson unequivocally consented to having his "trial, judgment, and sentencing" before a magistrate judge.

The issue now presented is whether the magistrate judge's jurisdiction over the misdemeanor case included the jurisdiction over the § 2255 motion. We believe it did not. The statutory scheme of § 636 contemplates two distinct ways of granting a magistrate judge jurisdiction over a § 2255 motion. Neither were followed in this case.

Section 636(b)(1)(B) provides "a judge may ... designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court ... of applications for posttrial relief made by individuals convicted of criminal offenses...." This subsection contemplates that magistrate judges may hear matters in post-trial relief proceedings, *but may not decide them.* The procedural requirements of § 636(b) amply reflect this distinction. Those requirements include that the parties have ten days to file written objections and are entitled to *de novo* review by a district judge of those portions of the report and recommendation to which objections are made. *Cf.* Rule 8(b), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255 (Section 2255 Rules) (when designated, a magistrate judge may conduct evidentiary hearings on § 2255 motions and make proposed findings and recommendations which are then subject (objected portions only) to *de novo* review by the district court). The government concedes that the procedure delineated in § 636(b)(1) was not complied with.

■ Alternatively, the statutory scheme also contemplates that a § 2255 motion can be decided by a magistrate judge with the consent of the parties. 28 U.S.C. § 636(c). Section 636(c) provides: "[u]pon consent of the parties, a ... magistrate ... may conduct any and all proceedings in a jury or nonjury civil matter...." A consent to proceed before a magistrate judge must be clear, unequivocal, and unambiguous. *Adams v. Heckler,* 794 F.2d 303, 306 (7th Cir.1986); *Alaniz v. California Processors, Inc.,* 690 F.2d 717, 719–20 (9th Cir.1982). We have implicitly upheld a magistrate judge's authority to enter judgment in a habeas proceeding with the consent of the parties under § 636(c), *see Wayne v. Townley,* 871 F.2d 18, 20 (4th Cir.) (entertaining appeal from a habeas proceeding decided by a magistrate judge pursuant to the consent of the parties under § 636(c)), *cert. denied,* 491 U.S. 910, 109 S.Ct. 3202, 105 L.Ed.2d 710 (1989), and so have our sister circuits. *See Orsini v.*

*Wallace,* 913 F.2d 474, 477 (8th Cir.1990) ("[W]e believe that Congress intended section 636(c), as the plain language indicates, to authorize magistrates to enter judgments in habeas proceedings on consent of the parties and reference by the district court."), *cert. denied,* —— U.S. ——, 111 S.Ct. 1093, 112 L.Ed.2d 1197 (1991); *see also, Moore v. Tate,* 882 F.2d 1107, 1109 (6th Cir.1989) (appeal from magistrate judge's disposition of habeas proceeding conducted pursuant to § 636(c)); *Dumond v. Lockhart,* 885 F.2d 419, 420 (8th Cir. 1989) (same); *Turner v. Henman,* 829 F.2d 612, 613 (7th Cir.1987) (same); *Sinclair v. Wainwright,* 814 F.2d 1516, 1519 (11th Cir. 1987) (same); *Bullock v. Lucas,* 743 F.2d 244, 245 (5th Cir.1984) (same), *modified sub nom. Cabana v. Bullock,* 474 U.S. 376, 106 S.Ct. 689, 88 L.Ed.2d 704 (1986).

In the present case, Bryson consented to trial, judgment, and sentencing before a magistrate judge. While Bryson's consent to trial and sentencing is clear and unambiguous, the record is devoid of evidence that Bryson consented to have his § 2255 motion heard by a magistrate judge. The government concedes that Bryson's § 2255 motion was not referred to the magistrate judge with Bryson's consent. Thus, § 636(b)(1) was the only mechanism that would have provided the magistrate judge with jurisdiction over Bryson's § 2255 motion. The government admittedly did not follow the procedure delineated in § 636(b)(1). Therefore, the magistrate judge did not have jurisdiction over Bryson's § 2255 motion.[4]

The government invites us to expand the definition of "sentencing" in § 3401(b) to include a § 2255 proceeding. Under the government's theory, because Bryson consented to having his misdemeanor heard by a magistrate judge, he consented to having his § 2255 motion heard by a magistrate judge as well. While the government's suggested approach is appealing, especially in terms of judicial economy, we find it without merit because it ignores the statutory scheme that governs a magistrate judge's authority in habeas proceedings.

As noted, a magistrate judge's authority in habeas proceedings is delineated in § 636(b)(1) and § 636(c). With the explicit consent to do so, a magistrate judge can decide the § 2255 motion on the merits. Without such consent, a magistrate judge's authority is limited to making proposed findings and recommendations. An expansive definition of "sentencing" in § 3401 would otherwise thwart the statutory scheme of § 636, which in most unequivocal terms, dictates that without the unam-

---

**4.** A magistrate judge's authority under § 636(b)(1) and § 636(c) is quite different. Section 636 creates expansive magistrate judge authority only where the consent of the parties is present. Congress' reasoning behind this distinction was, quite obviously, to avoid potential Article III infirmities. This point is illustrated by a quick comparison. With the consent of the parties, a magistrate judge's authority is quite broad. He may conduct any civil proceeding, § 636(c)(1), and enter a sentence for a misdemeanor, § 636(a)(4). Without such consent, his authority is substantially reduced. He may decide certain non-dispositive pretrial motions, § 636(b)(1)(A), conduct hearings on and make recommendations to a district judge for the disposition of certain dispositive pretrial motions (including post-trial relief proceedings), § 636(b)(1)(B), and perform ancillary duties that are not inconsistent with the United States Constitution or laws of the United States, § 636(b)(3). Indeed challenges to a magistrate judge's authority to decide civil cases under § 636(c) have uniformly withstood constitutional scrutiny because § 636(c) requires that all parties and the district court consent to the transfer of the case to a magistrate judge and the district court retains sufficient control over the magistrate judge. *Orsini,* 913 F.2d at 477–79; *see also, K.M.C. v. Irving Trust Co.,* 757 F.2d 752 (6th Cir.1985); *Gariola v. Commonwealth of Va. Dep't of General Services,* 753 F.2d 1281 (4th Cir.1985); *D.L. Auld Co. v. Chroma Graphics Corp.,* 753 F.2d 1029 (Fed.Cir.), *cert. denied,* 474 U.S. 825, 106 S.Ct. 83, 88 L.Ed.2d 68 (1985); *Fields v. Washington Metro. Transit Auth.,* 743 F.2d 890 (D.C.Cir.1984); *Geras v. Lafayette Display Fixtures, Inc.,* 742 F.2d 1037 (7th Cir.1984); *Puryear v. Ede's Ltd.,* 731 F.2d 1153 (5th Cir. 1984); *Collins v. Foreman,* 729 F.2d 108 (2d Cir.), *cert. denied,* 469 U.S. 870, 105 S.Ct. 218, 83 L.Ed.2d 148 (1984); *Goldstein v. Kelleher,* 728 F.2d 32 (1st Cir.), *cert. denied,* 469 U.S. 852, 105 S.Ct. 172, 83 L.Ed.2d 107 (1984); *Campbell v. Wainwright,* 726 F.2d 702, *aff'd memo.,* 734 F.2d 1480 (11th Cir.1984); *Pacemaker Diagnostic Clinic of America, Inc. v. Instromedix, Inc.,* 725 F.2d 537 (9th Cir.) (en banc), *cert. denied,* 469 U.S. 824, 105 S.Ct. 100, 83 L.Ed.2d 45 (1984); *Wharton–Thomas v. United States,* 721 F.2d 922 (3d Cir.1983).

biguous and explicit consent of the parties, a magistrate judge cannot decide a § 2255 motion on the merits.[5]

We cannot dispute the government's assertion that judicial economy is best served by allowing magistrate judges to adjudicate § 2255 proceedings in cases in which the magistrate judge was also the sentencing judge. Adopting such an approach would certainly further the legislative objectives of Congress to "expand[ ] the jurisdiction of U.S. magistrates and improve access to the Federal courts...." *Pacemaker Diagnostic*, 725 F.2d at 540 (quoting S.Rep. No. 96–74, 96th Cong. 1st Sess. 1, *reprinted in* 1979 U.S.C.C.A.N. 1469). It goes without saying that commensurate with the advent of a burgeoning federal caseload will be the ever increasing need to manage the caseload in an efficient and economical manner. "Given the bloated dockets that district courts have now come to expect as ordinary, the role of the magistrate in today's federal judicial system is nothing less than indispensable." *Peretz v. United States*, — U.S. —, —, 111 S.Ct. 2661, 2665, 115 L.Ed.2d 808 (1991) (quoting *Government of the Virgin Islands v. Williams*, 892 F.2d 305, 308 (3d Cir.1989)). This emphasis on practical importance, however, can only stretch the plain meaning of the statutory scheme so far. Unfortunately, our hands are tied by the legislative creature created by Congress.

## B

The government's second argument is that § 636(b)(3) independently authorizes the magistrate judge's dismissal of Bryson's § 2255 claim even without his consent. Section 636(b)(3) allows a magistrate judge to be assigned "additional duties as are not inconsistent with the Constitution and the laws of the United States." The crux of the constitutional analysis here is whether the parties consented to the magistrate judge's actions. *Compare Peretz*, — U.S. at —, 111 S.Ct. at 2667 (upholding magistrate judge's authority to select a jury in a felony trial with defendant's consent as an "additional" duty under § 636(b)(3)) with *Gomez v. United States*, 490 U.S. 858, 871–72, 109 S.Ct. 2237, 2245, 104 L.Ed.2d 923 (1989) ("additional duties" do not encompass a magistrate judge's selection of a jury in a felony trial without defendant's consent). As the Court in *Peretz* explained:

> Construing this residuary clause absent concerns about raising a constitutional issue or depriving a defendant of an important right, we should not foreclose constructive experiments that are acceptable to all participants in the trial process and are consistent with the basic purposes of the statute.

> Of course, we should still be reluctant, as we were in *Gomez*, to construe the additional duties clause to include responsibilities of far greater importance than the specified duties assigned to magistrates. But the litigants' consent makes the crucial difference on this score as well. As we explained in Part II, the duties that a magistrate may perform over the parties' objection are generally subsidiary matters not comparable to supervision of jury selection. However, with the parties' consent, a district judge may delegate to a magistrate supervision of entire civil and misdemeanor trials. These duties are comparable in responsibility and importance to presiding over *voir dire* at a felony trial.

*Peretz*, — U.S. at —, 111 S.Ct. at 2667. As appellant points out "[i]f conducting *voir dire* represents a delegation of decisional authority too large for a magistrate judge to accept without first obtaining defendant's consent, then deciding a § 2255 motion does *a fortiori*." Appellant's Reply Brief at 9. In short, we find no support for the government's argument that a magis-

---

5. An examination of the Section 2255 Rules confirms this result. Rule 8(b)(1) of the Section 2255 Rules provides that a magistrate judge, "[w]hen designated to do so ... may conduct hearings, including evidentiary hearings, on the motion, and submit to a judge of the court proposed findings and recommendations for disposition." Thus, absent Bryson's consent to have his § 2255 motion decided by a magistrate judge, the magistrate judge in this case was without jurisdiction to decide the § 2255 motion on the merits.

726

trate judge may decide a § 2255 motion without the defendant's consent as an "additional" duty under § 636(b)(3).[6]

## C

We emphasize that our holding in this case is quite narrow. The magistrate judge lacked jurisdiction because Bryson did not consent to have his § 2255 motion decided by a magistrate judge. Obviously, this shortcoming could have been cured by obtaining Bryson's consent to have the § 2255 proceeding heard by a magistrate judge pursuant to § 636(c). The more difficult issue that arises, which we need not decide, is whether this shortcoming could have been cured by obtaining Bryson's consent at the initial guilty plea hearing. In sum, without Bryson's consent, the magistrate judge lacked jurisdiction to entertain the § 2255 motion.

## III

The magistrate judge also held that despite the fact that Bryson's § 2255 motion was filed before Bryson's probationary period expired, he was not in custody and, therefore, the case was moot. Whether an individual is in custody for § 2255 purposes is determined at the time the habeas action is filed. *Carafas v. LaVallee*, 391 U.S. 234, 238, 88 S.Ct. 1556, 1559–60, 20 L.Ed.2d 554 (1968). The fact that custody expires after the habeas action is filed is irrelevant. *Id.; Maleng v. Cook*, 109 S.Ct. 1923, 1925 (1989). Because Bryson's petition was filed before his probationary period expired, he has satisfied the custody requirement. *Carafas*, 391 U.S. at 238, 88 S.Ct. at 1559–60.

With respect to mootness, as Bryson attacks the validity of the conviction through his § 2255 motion, expiration of his sentence does not moot the action. *Lane v. Williams*, 455 U.S. 624, 630–32, 102 S.Ct.

1322, 1326–27, 71 L.Ed.2d 508 (1982). However, Bryson's § 2255 motion is moot "if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction." *Sibron v. New York*, 392 U.S. 40, 57, 88 S.Ct. 1889, 1899–1900, 20 L.Ed.2d 917 (1968). The record is not sufficiently developed as to the existence of any "collateral legal consequences." Such a determination is best left to the court below.

## IV

For the reasons stated herein, the magistrate judge's order is vacated. The case is remanded for further proceedings not inconsistent with this opinion. Further proceedings may be conducted by a magistrate judge if the requirements of § 636(b)(1)(B) or (c) are met; otherwise such proceedings must be conducted by a district judge.

VACATED AND REMANDED WITH INSTRUCTIONS.

---

**6.** The government cites to three cases in support of its § 636(b)(3) argument. Reliance on two of the cases is misplaced because they involve instances where the parties expressly consented to the magistrate judge's actions. *Orsini*, 913 F.2d at 477 (upon consent of the parties, magistrate judge has jurisdiction to order entry of judgment in a habeas case); *United States v. Khan*, 774 F.Supp 748, 756 (E.D.N.Y.1991) (defendant's consent prerequisite to magistrate judge's authority to accept guilty plea in a felony case).

Reliance on the third is misplaced because it involved a magistrate judge presiding over the return of a jury verdict which is expressly contemplated by the legislative history of § 636(b)(3) and entails no decisional authority. *See United States v. Arnoldt*, 947 F.2d 1120, 1123 (4th Cir.1991) (§ 636(b)(3) authorizes magistrate judge to preside over a return of a jury verdict), *cert. denied*, —— U.S. ——, 112 S.Ct. 1666, 118 L.Ed.2d 387 (1992).