37 F.3d 1493
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Percy Lee HALSEY, Plaintiff-Appellant,
v.
Bruce SAMS; David H. Chipman; Raymond G. Rowley; J.
Dunlo; J.C. Depollo; M. Kirby; R. Sanders; D.S. Taylor;
D.A. Anderson; C.W. Green; Gary W. Waters, Sheriff,
Portsmouth City Jail; L.B. Penalosa; Rebecca Dorsey, Nurse
Lt.; Angeline Coleman, Nurse Sergeant, Defendants-Appellees.
 No. 94-6226.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 27, 1994.
Decided Oct. 17, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. David G. Lowe, Magistrate Judge. (CA-90-582-3)
 Percy Lee Halsey, Appellant Pro Se.
 Mark Douglas Stiles, Willcox & Savage, Norfolk, VA; Carolyn Porter Oast, John Anders Heilig, Heilig, McKenry, Fraim & Lollar, Norfolk, VA, for Appellees.
 E.D.Va.
 REMANDED.
 Before WIDENER, HAMILTON, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Percy Lee Halsey appeals from the magistrate judge's final order dismissing this civil rights complaint under 42 U.S.C. Sec. 1983 (1988). After the claims against all but two Defendants had been dismissed, the district court referred this case to the magistrate judge for further proceedings. However, not all the parties consented to final disposition by the magistrate judge as required by 28 U.S.C.A. Sec. 636(c) (West 1993). Consequently, we remand.
 
 
 2
 Consent is "the linchpin of the constitutionality of 28 U.S.C. Sec. 636(c)." Adams v. Heckler, 794 F.2d 303, 307 (11th Cir.1987). Consent must be clearly and unambiguously stated; it cannot be inferred from the parties' conduct. United States v. Bryson, 981 F.2d 720, 723 (4th Cir.1992); Hall v. Sharpe, 812 F.2d 644, 646-47 (11th Cir.1987). Absent consent, we are without jurisdiction to entertain Halsey's appeal because the magistrate judge acted beyond the scope of his jurisdiction. See Gomez v. United States, 490 U.S. 858, 870 (1989); Lovelace v. Dall, 820 F.2d 223, 225 (7th Cir.1987). We therefore remand this case for entry of a final order by the district court or other appropriate action. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 3
 REMANDED.