<u>UNPUBLISHED</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 04-7851

_____

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

ELLIS DEWAYNE BILLINGSLEY,

                              Defendant - Appellant.

_____

No. 04-7956

_____

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

ELLIS DEWAYNE BILLINGSLEY,

                              Defendant - Appellant.

_____

Appeals from the United States District Court for the Middle
District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr.,
Chief District Judge.  (CR-98-47; CA-04-445)

_____

Submitted:  April 28, 2005          Decided:  May 4, 2005

_____

Before WILLIAMS, KING, and DUNCAN, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

---

Ellis Dewayne Billingsley, Appellant Pro Se.  Walter C. Hohn, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In appeal No. 04-7851, Ellis Dewayne Billingsley appeals the magistrate judge's order construing his motion for a sentence reduction under 18 U.S.C. § 3553 (2000), as an improperly filed 28 U.S.C. § 2255 (2000) motion, and dismissing the action without prejudice to his right to refile a proper § 2255 motion. See United States v. Billingsley, No. CR-98-47 (E.D.N.C. Nov. 15, 2004).

This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2000), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2000); Fed. R. Civ. P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). The magistrate judge's order is neither a final order nor an appealable interlocutory or collateral order. United States v. Bryson, 981 F.2d 720, 723 (4th Cir. 1992) (magistrate judge may hear matters in § 2255 proceedings, but may not decide them absent explicit consent). Moreover, where a dispositive matter is referred to the magistrate judge under 28 U.S.C.A. § 636(b) (West Supp. 2004), parties must have the opportunity to object, and the district court is required to conduct de novo review of the portions of the recommendation to which objections are made. Bryson, 981 F.2d at 723. Accordingly, we dismiss the appeal for lack of jurisdiction.

In appeal No. 04-7956, Billingsley appeals the district court's order accepting the recommendation of the magistrate judge

to dismiss, without prejudice, his motion for a sentence reduction as an improperly filed 28 U.S.C. § 2255 (2000) motion. The district court dismissed the action without prejudice to petitioner filing a corrected motion on the proper § 2255 forms. See United States v. Billingsley, No. CA-04-445 (E.D.N.C. Oct. 1, 2004). Instead of heeding the court's advice, Billingsley appealed. Because the dismissal order is without prejudice, and Billingsley may file an amended complaint in the district court by submitting it on the proper forms, we conclude that this order is interlocutory and thus, not appealable. Domino Sugar Corp. v. Sugar Workers Local Union 392, 10 F.3d 1064, 1066-67 (4th Cir. 1993) (holding that a dismissal without prejudice is a final order only if "no amendment [to the complaint] could cure the defects in the plaintiff's case.") (internal quotation marks and citation omitted)). Accordingly, we dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 04-7851 - <u>DISMISSED</u>

No. 04-7956 - <u>DISMISSED</u>

- 4 -