**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-2103**

MERRILL LYNCH BUSINESS FINANCIAL SERVICES, INCORPORATED,

                    Plaintiff - Appellee,

          v.

ROBERT S. TARGAN,

                    Defendant - Appellant,

          and

SHEILA TARGAN; CHARLES SCHWAB; SANDY SPRING BANK,

                    Garnishees.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.    Charles  B.  Day,  Magistrate Judge.
(8:05-cv-01251)

Submitted: April 10, 2008              Decided:  May 7, 2008

Before NIEMEYER, MICHAEL, and GREGORY, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Robert B. Scarlett, SCARLETT & CROLL, P.A., Baltimore, Maryland,
for Appellant.  Harry Martin Rifkin, COHAN, WEST, RIFKIN & COHEN,
P.C., Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a consent judgment was entered against Robert Targan and in favor of Merrill Lynch Business Financial Services, Inc., Merrill Lynch filed a writ of garnishment of funds held by Targan and his wife with Charles Schwab & Co. Targan and his wife filed separate motions to release the property from levy. The district court referred the case to a magistrate judge for discovery. Thereafter, the magistrate judge issued orders denying the Targans' motions and ordering the release to Merrill Lynch of certain funds in the Charles Schwab accounts. Targan now appeals from the magistrate judge's orders denying his motion to release property under levy and denying his Fed. R. Civ. P. 59(e) motion. We find that the magistrate judge lacked jurisdiction to enter a final order; therefore, we vacate the magistrate judge's orders and remand for further proceedings.

A magistrate judge may only enter a final appealable judgment if the district court has properly referred the case to the magistrate judge and the parties consent to the magistrate judge entering a final judgment. 28 U.S.C. § 636(c)(1) (2000). Here, the magistrate judge was not directed to conduct any proceedings other than discovery, and the parties did not consent to final disposition by the magistrate judge as required by 28 U.S.C. § 636(c). Thus, the magistrate judge lacked jurisdiction to enter a final order. See United States v. Bryson, 981 F.2d 720,

726 (4th Cir. 1992); see also Gomez v. United States, 490 U.S. 858, 870 (1989).  Accordingly, we vacate the orders entered by the magistrate judge and remand this case for further proceedings.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED