**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-1503**

ESTATE OF PEOLA WINGFIELD, DECEASED, By and Through His
Administratrix, Edna K. Thompson,

Plaintiff - Appellant,

v.

JACK FREUND, M.D., Individually and In His Official Capacity
as Medical Director for the Division of Medical Services for
the Jail; ROBERT E. CURTIS, M.D., Individually; WILLIAM
RHOADES, Dr., PH.D., Individually and In His Official
Capacity as Psychologist and Employee of the Richmond City
Jail; JAMES O. WOMACK, Captain, Individually and In His
Official Capacity as an Employee of the Richmond City Jail;
DERRICK MCGEE, Individually and In His Official Capacity as
an Employee of the Richmond City Jail,

Defendants – Appellees,

and

MICHELLE B. MITCHELL, Individually and In Her Official
Capacity as Sheriff of the City of Richmond; DOCTOR CHANG,
M.D., Individually and In His Official Capacity as an
Employee of the Richmond City Jail; ZELDA JOHNSON, M.D.,
Individually and In His Official Capacity as an Employee of
the Richmond City Jail; SERGEANT CUSHIONBERRY, Individually
and In His Official Capacity as an Employee of the Richmond
City Jail; SERGEANT WILKINS, Individually and In His
Official Capacity as an Employee of the Richmond City Jail;
HERBERT R. ANDERSON, Individually and In His Official
Capacity as an Employee of the Richmond City Jail; NURSE
SMITH, Individually and In His Official Capacity as an
Employee of the Richmond City Jail; NURSE MILLS,
Individually and in His Official Capacity as an Employee of
the Richmond City Jail; WARNER LIPSCOMB, Individually and In
His Official Capacity as an Employee of the Richmond City

Jail; JERON BROOKS, Individually and In His Official Capacity as an Employee of the Richmond City Jail,

Defendants.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. M. Hannah Lauck, Magistrate Judge. (3:06-cv-00247-MHL)

_____

Submitted: January 25, 2010          Decided: February 12, 2010

_____

Before WILKINSON and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

JeRoyd W. Greene, III, ROBINSON & GREENE, Richmond, Virginia, for Appellant. John A. Gibney, Jr., THOMPSONMCMULLAN, P.C., Richmond, Virginia; Alexander N. Simon, Richmond, Virginia; Ramon Rodriguez, III, RAWLS & MCNELIS, PC, Richmond, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The Estate of Peola Wingfield appeals the magistrate judge's order granting summary judgment to Defendants Dr. Jack Freund, Medical Director for the Division of Medical Services for the Richmond City Jail ("the Jail"); Dr. Robert Curtis, a psychiatrist under contract with the Jail; Dr. William Rhoades, a psychologist employed by the Jail; Captain James Womack, Medical Director of the Jail's medical department; and Nurse Derrick McGee, a physician's assistant and licensed practical nurse for the Jail. Wingfield raises numerous issues on appeal. Because we find that the magistrate judge lacked jurisdiction to enter a final order, however, we decline to address the merits at this time. Rather, we vacate the magistrate judge's order granting summary judgment and remand for further proceedings.

A magistrate judge may enter a final appealable judgment only if the district court has properly referred the case to the magistrate judge and the parties consent to have the magistrate judge enter a final judgment. 28 U.S.C. § 636(c)(1) (2006). "[C]onsent to proceed before a magistrate judge must be clear, unequivocal, and unambiguous." United States v. Bryson, 981 F.2d 720, 723 (4th Cir. 1992). Though this case was referred to a magistrate judge by the district court, we have found no evidence in the record establishing that the parties consented to final disposition by a magistrate judge, as

required by 28 U.S.C. § 636(c).  Thus, the magistrate judge lacked jurisdiction to enter a final, appealable order.  See Bryson, 981 F.2d at 726; see also Gomez v. United States, 490 U.S. 858, 870 (1989) ("A critical limitation on [the magistrate judge's] expanded jurisdiction is consent.").  Accordingly, we vacate the dispositional order entered by the magistrate judge and remand this case for further proceedings.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED