**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 12-7299**

———————————

MR. WILLIAM E. SINGLETARY, JR.,

    Plaintiff - Appellant,

  v.

ADELL DOBEY, Edgefield County Sheriff; RONALD CARTER;
MICHAEL BUTTS, Officer; MARK PICA, Corporal; MIKE COCKRELL,
Lieutenant; CHRIS WASH, Captain; MICHAEL RAFFIELD, Sergeant;
LIEUTENANT JAGGER; LIEUTENANT HALL; JOSHUA JONES,
Correctional Officer; CORRECTIONAL OFFICER PRINCE; DEPUTY
FLORIDA; KYTHER POTTS, Sergeant, denied Civil Rights;
SOUTHERN HEALTH PARTNERS, a/k/a Health Partner's; DR. TAMI
Y. MASSEY; EDGEFIELD HOSPITAL,

    Defendants – Appellees,

  and

EDGEFIELD SHERIFF DEPARTMENT; BRENDA CARPENTER, Magistrate
Judge; EDGEFIELD DETENTION CENTER,

    Defendants.

———————————

Appeal from the United States District Court for the District of
South Carolina, at Beaufort.  Bristow Marchant, Magistrate
Judge. (9:11-cv-02658-MGL-BM)

———————————

Submitted: November 26, 2012  Decided: December 18, 2012

———————————

Before KING, SHEDD, and DIAZ, Circuit Judges.

———————————

Dismissed by unpublished per curiam opinion.

———————————

William E. Singletary, Jr., Appellant Pro Se. Russell W. Harter, Jr., CHAPMAN, HARTER & GROVES, PA, Greenville, South Carolina; William Henry Davidson, II, Daniel C. Plyer, DAVIDSON & LINDEMANN, PA, Columbia, South Carolina; Elliott T. Halio, HALIO & HALIO, Charleston, South Carolina; Janet Brooks Holmes, Daniel Roy Settana, Jr., MCKAY, CAUTHEN, SETTANA & STUBLEY, PA, Columbia, South Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William E. Singletary, Jr. seeks to appeal the magistrate judge's orders denying his motion requesting waiver of sovereign immunity and his subsequent motion for reconsideration. Appellees Pica, Carter, Butts, and Cockrell have moved to dismiss the appeal as interlocutory. This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2006), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2006); Fed. R. Civ. P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 545-46 (1949). Absent both designation by the district court and consent of the parties, 28 U.S.C. § 636(c) (2006), a magistrate judge lacks authority to issue dispositive orders. See 28 U.S.C. § 636(b) (2000); Colorado Bldg. & Constr. Trades Council v. B.B. Andersen Constr. Co., 879 F.2d 809, 811 (10th Cir. 1989) (appellate court has no jurisdiction over magistrate's order unless district court designates such authority to magistrate or parties consent); Gleason v. Sec'y of Health & Human Serv., 777 F.2d 1324 (8th Cir. 1985); see also United States v. Bryson, 981 F.2d 720, 723-26 (4th Cir. 1992) (discussing magistrate judge's authority to rule on 28 U.S.C. § 2255 (2000) motion); United States v. Flaherty, 668 F.2d 566, 585 (1st Cir. 1981) (magistrate judge authorized to make only determinations that do not constitute final judgments). Because it does not appear

3

from the record that the parties have consented to the authority of the magistrate judge, and no other basis for immediate review exists at this time, the magistrate judge's orders are interlocutory orders not subject to appellate review in this court. Accordingly, we grant the motion to dismiss and dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED