**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-7467**

MANUEL CAMARILLO-CHAGOYA,

                Petitioner - Appellant,

     v.

KAREN F. HOGSTEN, Warden,

                Respondent - Appellee.

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield. Cheryl Ann Eifert, Magistrate Judge. (1:13-cv-16790)

Submitted: January 27, 2014       Decided: February 5, 2014

Before WYNN and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Manuel Camarillo-Chagoya, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Manuel Camarillo-Chagoya appeals the magistrate judge's order construing his 28 U.S.C. § 2241 (2012) petition as a motion under 28 U.S.C. § 2255 (2012) and transferring his case to the District Court for the Western District of Arkansas. We conclude that the magistrate judge lacked jurisdiction to enter this dispositional order. We therefore vacate the magistrate judge's order and remand for further proceedings.

"The statutory scheme of [28 U.S.C.] § 636 [(2012)] contemplates two distinct ways of granting a magistrate judge jurisdiction over a § 2255 motion" or other postconviction petition. United States v. Bryson, 981 F.2d 720, 723 (4th Cir. 1992). Under § 636(b)(1)(B), a magistrate judge may be designated to conduct a hearing and submit proposed findings and recommendations in such cases. "This subsection contemplates that magistrate judges may hear matters in post-trial relief proceedings, but may not decide them." Id. "Alternatively, the statutory scheme [§ 636(c)] also contemplates that a § 2255 motion can be decided by a magistrate judge with the consent of the parties." Id. The consent of the parties was not given in this case. Absent both designation by the district court and consent of the parties, pursuant to § 636(c), a magistrate judge lacks authority to issue dispositive orders. See 28 U.S.C. § 636(b); Fed. R. Civ. P. 73.

2

Here, not only did the magistrate judge's order dispose of Camarillo-Chagoya's § 2241 petition by construing it as a motion to vacate under 28 U.S.C. § 2255 (2012), it failed to provide Camarillo-Chagoya with the requisite notice of this action and an opportunity to either withdraw the motion or amend it to add "all the § 2255 claims he believes he has." Castro v. United States, 540 U.S. 375, 384 (2003).

Accordingly, we grant leave to proceed in forma pauperis, vacate the order entered by the magistrate judge, and remand this case for further proceedings. The district court clerk is directed to inform the Clerk of the Western District of Arkansas of this decision. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED