**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-7779**

———————

ROBERT MICHAEL HERRING,

                    Petitioner – Appellant,

          v.

HAROLD CLARKE,

                    Respondent - Appellee.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Roderick C. Young, Magistrate Judge.  (3:13-cv-00326-RCY)

———————

Submitted:  March 10, 2016          Decided:  March 22, 2016

———————

Before WILKINSON, NIEMEYER, and WYNN, Circuit Judges.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

Robert Michael Herring, Appellant Pro Se. Eugene Paul Murphy, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Michael Herring appeals the magistrate judge's order dismissing his 28 U.S.C. § 2254 (2012) petition. An action may be referred to a magistrate judge to hear and determine most nondispositive pretrial matters and for hearings or the preparation of findings and a recommended disposition. 28 U.S.C. § 636(b) (2012). But a magistrate judge may only enter a final disposition with the written consent of all the parties to the action. 28 U.S.C. § 636(c); see United States v. Bryson, 981 F.2d 720, 723 (4th Cir. 1992).

Herring twice affirmatively declined to consent to full jurisdiction by the magistrate judge.* Thus, the magistrate judge lacked jurisdiction to enter the final order of dismissal. See Bryson, 981 F.2d at 726; see also Gomez v. United States, 490 U.S. 858, 870 (1989) ("A critical limitation on [the magistrate judge's] expanded jurisdiction is consent.").

Accordingly, we vacate the magistrate judge's order dismissing Herring's petition and remand for further proceedings. Further proceedings may be conducted by the

---

* Notably, the district court clerk's office docketed Herring's second denial of consent as "CONSENT to Jurisdiction by US Magistrate Judge by Robert Michael Herring." No. 3:13-cv-00326-RCY (E.D. Va. Docket Entry 50). Nevertheless, the document at that entry – a standard consent form – was signed by Herring in the section stating "The undersigned party hereby declines to consent to jurisdiction in this civil action."

magistrate judge if the requirements of § 636(b)(1)(B) or (c) are met; otherwise such proceedings must be conducted by a district judge.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED